# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 23-03140-01-CR-S-MDH
)
JOHN MICHAEL BRADLEY, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Withdraw Plea of Guilty. (Doc. 79.) This action has been referred to the undersigned for the purpose of submitting a report. As follows, it is **RECOMMENDED** that the Motion to Withdraw Plea of Guilty be **DENIED**.

On May 5, 2025, Defendant pled guilty to two counts of aggravated sexual abuse of a minor less than 12 years of age, in violation of 18 U.S.C. §§ 2241(c) and 3261(a)(2), one count of aggravated sexual abuse of a minor less than 12 years of age, in violation of 18 U.S.C. § 2241(c), and one count of engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c). (Docs. 38, 88.) Eight months later, Defendant filed this Motion to Withdraw.

Defendant contends that he should be permitted to withdraw his plea of guilty under Federal Rule of Criminal Procedure 11 because "his plea was not voluntary[,] and he had ineffective assistance of counsel." (Doc. 79.)

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea after the court accepts it but before sentencing only if he shows "a fair and just reason for requesting the withdrawal." Specifically, the Eighth Circuit has held that "[t]he defendant bears

the burden to establish fair and just grounds for withdrawal." *United States v. Cruz*, 643 F.3d 639, 642 (8th Cir. 2011). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Forjan*, 66 F.4th 739, 751 (8th Cir. 2023).

The Court "need not hold an evidentiary hearing [on a Motion to Withdraw] if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *United States v. Trevino*, 829 F.3d 668, 673 (8th Cir. 2016) (quoting *United States v. Morrison*, 967 F.2d 264, 267–68 (8th Cir. 1992)). "Allegations that contradict a defendant's statements at the change of plea hearing are 'inherently unreliable.'" *United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (quoting *United States v. Harris–Thompson*, 751 F.3d 590, 603 (8th Cir. 2014)).

Defendant first claims that his guilty plea was not voluntary. But Defendant offers only a conclusory assertion and identifies no specific facts or circumstances undermining the voluntariness of his plea. The Rule 11 record, however, reflects that Defendant stated under oath that nobody attempted to force him to plead guilty and that he was pleading guilty of his own free will because he was in fact guilty. (Doc. 88 at 5.) The record further reflects that Defendant understood the nature of the charges against him, the penalties he faced, and the rights he was waiving by pleading guilty. *Id.* at 6–11. In addition, after the Government recited the factual basis for the plea, Defendant admitted the conduct described by the Government and again stated that he was pleading guilty. *Id.* at 11–14.

Defendant next claims that his plea should be withdrawn because he had ineffective assistance of counsel. "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [the defendant] demonstrates both that his attorney's performance

was deficient and that he was prejudiced by it." *Cruz*, 643 F.3d at 642 (quoting *United States v. McMullen,* 86 F.3d 135, 137 (8th Cir. 1996)). To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). To show prejudice, the defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *McMullen*, 86 F.3d at 137).

Defendant alleges ineffective assistance only in conclusory terms and identifies no specific act or omission by counsel. Defendant does not provide any facts demonstrating that his counsel's representation fell below an objective standard of reasonableness. The Rule 11 record reflects that Defendant stated under oath that he had spoken to his attorney about his case, his attorney had done everything Defendant asked him to do, Defendant had no questions, concerns, or complaints about his attorney's legal advice, and Defendant was fully satisfied with his counsel and representation. (Doc. 88 at 5.) Defendant does not allege or demonstrate that but for counsel's alleged errors he would have insisted on going to trial. This omission is particularly significant given that Defendant entered his guilty plea during the course of his jury trial, after the Government had begun presenting evidence.

Defendant's allegations that his guilty plea was not voluntary and that his counsel was ineffective contradict his statements at his change of plea hearing and are therefore inherently unreliable. Because Defendant's motion consists solely of conclusory allegations unsupported by any specific facts, and because those allegations directly contradict his sworn Rule 11 statements, the motion may be denied without an evidentiary hearing. Defendant has not shown a fair and just reason for requesting the withdrawal. For the foregoing reasons, it is hereby **RECOMMENDED**

3

that Defendant's Motion to Withdraw Plea of Guilty be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: April 22, 2026

4